**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DONALD L. WISE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:16-CV-1039-M-BH |
| ) | |
| **CHRIS WILMOTH, et al.,** ) | |
| ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Before the Court is the *Motion for Entry of Default Judgment*, filed May 27, 2016 (doc. 17). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

On April 18, 2016, Donald L. Wise Jr. (Plaintiff) filed suit against various defendants alleging violation of his civil rights arising from probate proceedings that resulted in the sale of real property that the plaintiff alleges belonged to him. (*See* doc. 3.) Because he paid the filing fee, Plaintiff was required to serve the defendants. (*See* doc. 5.) On April 26, 2016, he filed a "Proof of Service" representing that he had personally served defendants Chris Wilmoth and Katy Hubener (Defendants) by certified mail, but he did not attach any signature cards reflecting actual receipt of service by Defendants. (*See* doc. 7 at 1-2, 5-6.) Plaintiff filed an amended complaint again alleging violation of his civil rights on May 9, 2016. (*See* doc. 11.) He attached to the amended complaint receipts showing that he had mailed copies to Defendants by certified mail. (*See id.* at 29.) On May 12, 2016, counsel for Defendants sent correspondence to the Court confirming that Defendants had received copies of the original complaint on April 16,

2016, and acknowledging the filing of an amended complaint.  (*See* doc. 13.)  On May 27, 2016, Plaintiff moved for entry of default pursuant to Fed. R. Civ. P. 55(a) against Defendants based on their failure "to appear, plead or otherwise defendant within the time allowed."  (*See* doc. 16 at 1-2.)  On May 30, 2016, Defendants moved to dismiss the amended complaint against them.  (*See* docs. 18, 19.)  On May 31, 2016, Plaintiff's motion for entry of default was denied based his failure to show that Defendants had failed to plead or otherwise defend the action because he had not established proper service, and they had filed motions to dismiss.  (*See* doc. 24.)

## II.  ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  Fed. R. Civ. P. 55.  There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, Plaintiff has failed to establish that Defendants failed to plead or otherwise defend against this action.  (*See* doc. 24.) His motion for entry of default under Rule 55(a) has been denied because he failed to show that he properly served Defendants with process.  *Id.,* citing *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-2607-M, 2016 WL 1059536, *2 (N.D. Tex. Mar. 17, 2016) (the "propriety of the entry of default is thus dependent

2

on the propriety of service").  His motion for entry of default has also been denied because Defendants have defended the case by filing motions to dismiss.  *Id.,* citing *Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")).  Without a prior entry of default, there is no basis for entry of a default judgment.  *See McNeeley v. Experian Information Solutions, Inc., et al.*, No. 4:08CV81, 2008 WL 4525054, *1 (E.D. Tex. Sept. 29, 2008) (denying motion for default judgment where clerk of court did not enter default based on lack of proper service and the defendant had since taken action to "otherwise defend" the lawsuit); *Burton v. Madix Store Fixtures*, No. 3:05-CV-1081-L, 2006 WL 3247329, * 2 (N.D. Tex. Nov. 9, 2006) (denying motion for default judgment because there had been no request for and entry of default, both prerequisites to a default judgment, and alternatively denying motion because the defendant had defended the action by filing dispositive motions).  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

Because Plaintiff has failed to establish that Defendants failed to plead or otherwise defend against this action and no default has been entered, entry of default judgment is not warranted.

### III.  RECOMMENDATION

Plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 31st day of May, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE